THOMAS F. FRIEDBERG, ESQ. (#110439)
**LAW OFFICES OF FRIEDBERG & BUNGE**
755 WEST A STREET, SUITE 100
P.O. BOX 6814
SAN DIEGO, CA 92166-0814
TEL : (619) 557-0101
FAX: (619) 557-0560
E-MAIL : "tom@lawofficefb.com"

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL SPERB,<br><br>      Plaintiff,<br><br>v.<br><br>PRINCESS CRUISE LINES, LTD.<br><br>      Defendant. | **CASE NO. 2:21-cv-1802**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, CARL SPERB, alleges as follows:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.  This suit herein arises and is within the original jurisdiction of the United States District Court since the amount in controversy exceeds $75,000.00 and there is diversity of citizenship between Plaintiff and the Defendant pursuant to 28 U.S.C. § 1332.

2.  Plaintiff is, and at all times herein mention was, a citizen of Florida.

3.  At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., is, ans was, a citizen and corporation and has their principal place of business in the State of California, and were transacting business within the Central District of the State of California.

4.  At all times herein mentioned Defendant, PRINCESS CRUISE LINES, LTD., unilaterally inserted in its cruise line ticket a forum selection clause that requires its passengers

asserting personal injuries to litigate those claims only in the United States District Court for the Central District of California.

  5. Defendant, PRINCESS CRUISE LINES, LTD., at all times herein mentioned, either itself or through its designated agents:

   a. Operated, conducted engaged in or carried on a business venture in the State of California and specifically the County of Los Angeles and had an office within the County of Los Angeles, State of California.

   b. Was engaged in substantial activity within the County of Los Angeles, State of California.

   c. Operated vessels in the waters of the State of California.

   d. Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the State, thereby obtaining the benefits and protections of the State's laws.

   e. The cruise line ticket for Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

  6. At all times mentioned herein, Defendant, PRINCESS CRUISE LINES, LTD., was, and is, a for profit corporation with its worldwide headquarters, principal address and principal place of business located within the County of Los Angeles, State of California.

  7. At all times mentioned herein, Defendant, PRINCESS CRUISE LINES, LTD., was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world, including Los Angeles, California and Vancouver, British Columbia, Canada,

  8. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., derived its revenue from cruises originating and terminating in various ports throughout the world including Los Angeles, California and Vancouver, British Columbia, Canada.

  9. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., operated, managed, maintained, supervised, chartered and/or controlled a large commercial vessel named *Sky Princess*.

10. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., , transported fare paying passengers aboard its vessel, *Sky Princess*.

11. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., Plaintiff CARL SPERB was a fare paying passenger and lawfully aboard the vessel *Golden Sky*. Plaintiff had boarded the *Sky Princess* in Florida for a cruise to the Eastern Caribbean that left on or about March 7, 2020.

12. At all times herein mentioned, a source of revenue for Defendant, PRINCESS CRUISE LINES, LTD., was earned by selling alcohol on its ships. Defendant, PRINCESS CRUISE LINES, LTD., allowed, encouraged and provided alcohol and the over serving of alcohol on its ships to its passengers for financial gain without regard to the fact that it resulted in injuries and accidents to its fare paying customers and guests.

13. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., capitalized on the over service of alcohol by selling all inclusive drink packages, wherein passengers can prepay for alcohol purchases, allowing them to consume effectively an unlimited number of alcoholic drinks on board at no additional charge beyond the charge for the all inclusive drink package. The all inclusive drink packages make purchasing alcohol free and easy onboard and it encourages the over consumption of alcohol by passengers to obtain a value for the charge of the all inclusive drink package.

14. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., promulgated and/or established a compensation scheme on board its vessels, including the *Golden Princess*, in which tips were the main source of income for bar servers and bar tenders and that tips were earned based on the number of drinks served by bar servers and bar tenders. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., \knew that bar servers and bar tenders were incentivized to over serve passengers, however, Defendant, intentionally, willfully, wantonly, knowingly and/or recklessly ignored this in order to make more money from alcohol sales.

15. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., during the course of this cruise, automatically charged passengers a gratuity on service of alcoholic beverages which monetary amount increased in proportion to the quantity of alcohol purchased. At

all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., , intentionally, willfully, wantonly, knowingly and/or recklessly developed an incentive system in which bar tenders and bar servers are encouraged to over serve passengers, including Plaintiff. At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., chose not to make any meaningful steps to enforce a reasonable alcohol policy since it would have resulted in less money for Defendant.

16.  At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., had the ability to monitor the number of alcoholic beverages served to a particular passenger within a particular period of time, but chose not to monitor nor limit the number of alcoholic beverages, or intentionally, willfully, wantonly, knowingly and/or recklessly chose not monitor nor limit the number of alcoholic beverages served to a particular passenger within a particular amount of time because it would have resulted in less money for Defendant.

17.  At all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., failed to train, supervise, oversee or otherwise control its bar tenders and bar servers to conduct themselves in a reasonable and appropriate manner and not to encourage alcoholic drinking by passengers if and when that passenger appeared to have consumed an inordinate or excessive amount of alcohol. Further, at all times herein mentioned, Defendant, PRINCESS CRUISE LINES, LTD., failed to train, supervise, oversee or otherwise control its bar tenders and bar servers to limit or cease the sale of alcoholic beverages to passengers if it would have been apparent to an ordinary reasonable person that the passenger, by the bar tender or bar server providing alcoholic beverage, was likely to be in danger of falling or otherwise becoming injured while aboard the vessel

**FIRST CAUSE OF ACTION**
**(CARL SPERB vs. PRINCESS CRUISE LINES, LTD. - Negligence)**

18.  Plaintiff realleges paragraphs 1 through 17, and incorporates the same as a part hereof as though fully set forth herein.

19.  On or about March 7, 2020, Plaintiff CARL SPERB, embarked from Florida for cruise to the Eastern Caribbean aboard the *Sky Princess*, a cruise ship registered in Bermuda, and owned, operated, maintained, repaired and otherwise controlled by Defendants, PRINCESS CRUISE LINES, LTD. The *Sky Princess* is a 141,000 ton cruise ship with 1,830 cabins that was designed,

manufactured, built and delivered to PRINCESS CRUISE LINES, LTD., in 2019 and has been for used cruises between various ports worldwide, including from Florida to the Eastern Caribbean. Plaintiff was booked for a cruise from Florida to the Eastern Caribbean and was assigned Cabin D437.

20.  On or about March 9, 2020, at or near 1950, while aboard the *Sky Princess*, Plaintiff CARL SPERB was at the International Café for a champaign reception with other guests and was served alcoholic beverages by bar tenders and bar servers in accordance with the drink packages hereinabove described. At or near 1950, Plaintiff went to the champaign fountain for a glass of champaign and was returning to his seat. The International Café was overcrowded and was standing room only. While traversing from the champaign fountain to the area where he was previously sitting, there was a single step of less than 4" which was obscured and not readily visible. The height of the single step and the overcrowding of the room while serving champaign and other cocktails rendered the single step a dangerous condition in that it was reasonably foreseeable that a guest, while walking with due care, would and could trip and fall thereby sustaining serious injuries and damages.

21.  Plaintiff is informed and believes that while Plaintiff was lawfully and rightfully on the *Sky Princess*, Defendant negligently and carelessly owned, managed, possessed, inspected, maintained, operated, designed, planned, developed and otherwise controlled the *Sky Princess* so as to create a foreseeable risk of harm for persons invited onto the *Sky Princess*, including Plaintiff, by failing to maintain, repair or warn of the hereinabove described dangerous condition, thereby creating a high likelihood of a trip and fall for passengers such as Plaintiff, as hereinabove alleged and creating a foreseeable risk of harm.

22.  That foreseeable risk of harm created by the negligence and carelessness of Defendants, as hereinabove alleged, was known, or in the exercise of ordinary and/or reasonable care, should have been known to Defendant in an adequate and sufficient time for a reasonably prudent person under the same or similar circumstances as Defendant to warn persons, including Plaintiff, of the hereinabove alleged foreseeable risk of harm, or to take measures to prevent such foreseeable risk of harm.

23. Plaintiff is informed and believes, and based thereupon alleges:

   a. Defendant had duty of care to provide Plaintiff with reasonable care under the circumstances;

   b. On or about March 9, 2020, Plaintiff was injured due to the fault and/or negligence of Defendant and/or its agents, servants or employees in creating a foreseeable risk of harm as hereinabove alleged;

   c. Defendant knew or should have known of the dangerous condition that created a foreseeable risk of harm, but failed control the number of persons in the International Café for the champaign reception so that the single step, which had an unreasonable height, would and could be obscured from view by a guest traversing within the International Café so as to likely result in a trip and fall incident such as sustained by Plaintiff;

   d. Defendant failed to comply with industry standards in providing and maintaining proper height for single step ups/downs in public areas so as to create a dangerous condition;

   e. Defendant failed to provide adequate training, instruction and or supervision of its crew and/or staff members in terms of the number of guests that were permitted within the International Café at the time of this incident and in the manner in which alcoholic beverages were served to guests;

   g. Defendant failed to provide a reasonable safe condition for Plaintiff during his voyage aboard the *Sky Princess*, which unsafe condition was made worse and exacerbated by Defendant alcoholic beverage policy as hereinabove alleged;

   h. Defendant failed to provide adequate training and supervision to its crew members in regard to preventing or discouraging crew members from over serving alcoholic beverages to passengers;

   I. Defendant encouraged its crew members, including bar tenders and bar servers, to over serve passengers based on Defendant's financial incentive

program hereinabove alleged, which likely resulted in passengers drinking to excess and increasing the probability of injury when exposed to dangerous conditions, such as alleged in this case.

24.   Plaintiff is informed and believes, and based thereupon alleges, that all of the foregoing alleged acts of omissions were negligent and careless and directly and proximately caused Plaintiff to trip and fall, as herein alleged, thereby suffering severe and debilitating injuries and damages, as hereinafter alleged.

25.   As a direct and proximate result of the negligence and carelessness of Defendant, PRINCESS CRUISE LINES, LTD., as hereinabove alleged, Plaintiff, CARL SPERB, was hurt and injured in her health, strength and activity, in all parts of his body, and sustained shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous anxiety, and pain and suffering.  Plaintiff, CARL SPERB, is informed and believes, and based thereupon alleges, that such injuries will result in some permanent disability to plaintiff, all to her general damage, in an amount to be proven at time of trial.  Plaintiff is informed and believes, and based thereupon alleges, that the amount in controversy herein is in excess of Seventy-Five Thousand Dollars ($75,000.00) and within the jurisdiction of this Court.

26.   As a further direct and proximate result of the negligence and carelessness of Defendant, PRINCESS CRUISE LINES, LTD., as hereinabove alleged, Plaintiff, CARL SPERB, was required to, and did, employ physicians, surgeons and therapists to treat and care for him and did sustain an expense for such medical treatment and care, hospitalization, medicines, and for other and further medical and incidental care, for which Plaintiff has incurred liability in an amount as yet unascertained.  Plaintiff, CARL SPERB, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

27.   Plaintiff, CARL SPERB, is informed and believes, and based thereupon alleges, that as a further direct and proximate result of the negligence and carelessness of Defendant, PRINCESS CRUISE LINES, LTD., as hereinabove alleged, he will necessarily require additional medical care, hospitalization, medicines, and other and further medical attention in the future and will incur

liability therefrom. Plaintiff, CARL SPERB, prays leave of Court to amend and/or supplement this Complaint to insert the actual and reasonable value of all such additional medical and incidental expenses when same have been ascertained, or to prove same at time of trial.

28. As a further direct and proximate result of the negligence and carelessness of Defendant, PRINCESS CRUISE LINES, LTD., as hereinabove alleged, Plaintiff, CARL SPERB, became incapacitated and prevented from following his usual occupation for an undetermined period of time; and as a result thereof, plaintiff suffered a loss of earnings and earning capacity and ability and other financial losses in an undetermined amount. Plaintiff, CARL SPERB, prays leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings and earning capacity and ability when ascertained, or to prove same at time of trial.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. For general damages in an amount in excess of $75,000.00, and in an amount to be proven at the time of trial;

2. For medical and related expenses, past, present and future, all in an amount to be proven at the time of trial;

3. For loss of earnings or earning ability, past, present and future, all in an amount to be proven at the time of trial;

4. For exemplary and punitive damages for the second cause of action, all in an amount to be proven at time of trial;

5. For a trial by jury pursuant to Rule 38, Federal Rules of Practice;

6. For costs of suit incurred herein; and

7. For such other and further relief as this Court deems just and proper.

Dated : February 25, 2021     **LAW OFFICES OF FRIEDBERG & BUNGE**

By: *s/ THOMAS F. FRIEDBERG, ESQ.*
THOMAS F. FRIEDBERG, ESQ. (110439)
Attorneys for Plaintiff, CARL SPERB
755 West A Street, Suite 100
P.O. Box 6814
San Diego, California 92101
TEL : (619)557-0101
FAX: (619)557-0560

**DEMAND FOR JURY**

Plaintiff hereby demands a jury trial pursuant to Rule 38, of the Federal Rules of Practice.

Dated : February 25, 2021           **LAW OFFICES OF FRIEDBERG & BUNGE**

By: *s/ THOMAS F. FRIEDBERG, ESQ.*
    THOMAS F. FRIEDBERG, ESQ. (110439)
    Attorneys for Plaintiff, CARL SPERB
    755 West A Street, Suite 100
    P.O. Box 6814
    San Diego, California 92101
    TEL : (619)557-0101
    FAX:  (619)557-0560